# United States District Court

**FILED IN CHAMBERS**

### NORTHERN DISTRICT OF GEORGIA

APR 2 9 2005

**U.S. MAGISTRATE JUDGE**
**N.D. GEORGIA**

UNITED STATES OF AMERICA

v.

WAYNE HENRY KAY

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:05-MJ- 55 1

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>April 18, 2005,</u> in <u>Cobb</u> County, in the Northern District of Georgia defendant(s) did, (Track Statutory Language of Offense)

Threaten to assault, kidnap, or murder a United States official with intent to retaliate against such official on account of the performance of official duties,

in violation of Title <u>18</u> United States Code, Section(s) <u>115(a)(1)(B)</u>.

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached sheet and made a part hereof.  (X) Yes ( ) No

Signature of Complainant
Brenda Summers

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

<u>April 29, 2005</u>                     at     <u>Atlanta, Georgia</u>
Date                                              City and State

Linda T. Walker
<u>United States Magistrate Judge</u>                 Signature of Judicial Officer
Name and Title of Judicial Officer
AUSA Paul R. Jones

# AFFIDAVIT IN SUPPORT OF COMPLAINT

Personally, before the undersigned officer, came Brenda Summers, who having been duly sworn on oath, deposed and said:

1. I am a Special Agent with the Federal Protective Service ("FPS"), Bureau of Immigration and Customs Enforcement, Department of Homeland Security. I have been a special agent with FPS for eighteen months. I investigate criminal activity pertaining to federal property. I have conducted numerous investigations of violations of criminal law occurring on federal property and numerous investigations of threats made against federal government employees. I also have sixteen and a half years as a law enforcement officer, including working as a Deputy U.S. Marshal and U.S. Customs Agent.

2. This affidavit is made in support of a criminal complaint against Wayne Henry KAY, who threatened to assault or murder an official of the United States Government with intent to retaliate against such official on account of the performance of official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B). The information contained in this affidavit is based on my personal investigation of the matters discussed in this case and on information obtained from other sources listed herein.

3. On April 18, 2005, Wayne Henry KAY spoke with Employee #1, Health Care Representative, Wellstar Cobb Hospital, Marietta, Georgia, regarding his recent denial of disability benefits by the Social Security Administration ("SSA"). According to the statement provided to FPS by Employee #1, KAY was irate over the denial and showed her the SSA letter denying his application for disability benefits. The letter was signed by Paul Barnes, the Regional Commissioner of SSA. Employee #1 pointed out that, while Paul Barnes' signature was on the denial, the address on the letter showed that the denial was made by the Marietta SSA office. In response to KAY's question, Employee #1 explained where the Marietta SSA office is located. KAY then proceeded to ask Employee #1 several questions about the Marietta SSA office, including where it is located, whether it is a free-standing building, whether there is a daycare center in the building, and whether all the people in the building are SSA government employees.

4. On April 18, 2005, shortly after speaking with Employee #1, KAY spoke with Employee #2, Registered Nurse, Wellstar Cobb Social Services. When KAY was relaying to Employee #2 his previous conversation with Employee #1, Kay told Employee #2 that, because of the time an appeal to SSA would take, he would probably be dead before he received a determination. KAY told Employee #2 that he would take matters into his own hands and handle this his way. KAY stated that he didn't want to hurt innocent people or children, but, if he was going to die, he wasn't going to let the government kill him. KAY stated that he would take control and die the way he wanted. KAY told Employee #2 that he would strap explosives to his body, go to this address (referring to the SSA office), ask for Paul Barnes, push a button, kill himself and Paul Barnes, and hopefully change the way that the government works in the process.

5. Employee #2 states that she encouraged KAY to seek an appeal of his SSA disability benefits. KAY responded that he was tired of the government "raping" him. In discussing his physical disabilities and his inability to gain steady employment, KAY told Employee #2 that when he is unable to pay rent, he would be homeless. KAY stated that at that point he will have nothing else to lose and that, if he is going to die anyway, he wants to die his way. When leaving Employee #2's office, KAY said "remember my name, I am Wayne KAY."

6. On April 21, 2005, your affiant, along with FPS Special Agent Thor Whitmore and FBI JTTF Officer Harry Hammock, interviewed KAY at his residence in Marietta, Georgia. Initially, KAY stated that he had no intention of hurting anyone. However, as the interview progressed, he exhibited increasing anger. KAY stated that while he is not suicidal, he has been homicidal, just as anyone may be when angered. KAY repeatedly blamed the government for his economic condition and stated that all the government has ever done for him is "kick me in the nuts and given me a jail cell." KAY referred to the government as the devil, reiterated his through-and-through hatred for the government, and claimed that the government "raped" him. KAY stated that we wouldn't hear of him dying in a ditch, but that when he goes out, it'll be a big event; he further stated that he won't be going alone, but that he'll take others with him. In reference to his current living situation, KAY said that he is approximately $3800 in arrears on his rent and that when he's out of that house, "it's on." KAY indicated that he had approximately three weeks remaining in his current residence before he became homeless. When asked about his statement to the Wellstar employee regarding his intent to bomb the SSA building and his knowledge of explosives, he said that he has knowledge of explosives. KAY named a few explosives but added that he just scratched the surface of that knowledge. KAY said that when he heard of Brian Nichols' shooting rampage at the Fulton County courthouse, he jumped up and cheered because Nichols did what he wanted to do. KAY said that if Nichols had made it to his door, the police never would have found him.

7. Your affiant has learned that the office of Paul Barnes, Regional Commissioner of SSA, is located in the Sam Nunn Atlanta Federal Center, Atlanta, Georgia. As noted above, KAY was informed that the letter denying his application for disability benefits was issued from the Marietta SSA office.

8. Based on the above, your affiant believes that there is probable cause to believe that Wayne Henry KAY has threatened to assault or murder an official of the United States Government with intent to retaliate against such official on account of the performance of official duties, in violation of Title 18, United States Code, Section 115(a)(1)(B).